No. 375 June 5, 2024 63

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of W. B.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

W. B.,
*Appellant.*

Wasco County Circuit Court
23CC02688; A181363

John A. Wolf, Judge.

Submitted March 20, 2024.

Joseph E. DeBin and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Appellant appeals from a judgment committing him to the Oregon Health Authority for a period not to exceed 180 days. He raises two assignments of error. In his first assignment of error, appellant contends that the trial court erred in allowing a witness to testify remotely at his commitment hearing. In his second assignment of error, appellant argues that there was insufficient evidence for the court to find that appellant was a danger to others. We affirm.

*Remote location testimony:* We review a trial court's decision to allow remote location testimony for abuse of discretion. *State v. M. P.*, 312 Or App 411, 420, 493 P3d 1051 (2021). We focus our description of the relevant facts accordingly. On the morning of appellant's commitment hearing, the state filed a motion under ORS 45.400 to allow Dr. Meehan, a psychiatrist who had treated appellant at Unity Hospital the previous week, to testify remotely. ORS 45.400(1) provides that "[a] party to any civil proceeding or any proceeding under ORS chapter 419B may move that the party or any witness for the moving party may give remote location testimony." The trial court may allow remote location testimony "upon a showing of good cause by the moving party, unless the court determines that the use of remote location testimony would result in prejudice to the nonmoving party and that prejudice outweighs the good cause for allowing the remote location testimony." ORS 45.400(3)(a). Factors that a court may consider in a determination of good cause include "[w]hether a personal appearance by the witness or party would be an undue hardship on the witness or party" and "[a]ny other circumstances that constitute good cause." ORS 45.400(3)(b)(C) and (E).

Factors that a court may consider in determining prejudice to the nonmoving party include:

"(A)  Whether the ability to evaluate the credibility and demeanor of a witness or party in person is critical to the outcome of the proceeding.

"(B)  Whether the nonmoving party demonstrates that face-to-face cross-examination is necessary because the issue or issues the witness or party will testify about may be determinative of the outcome.

"* * * * *

    "(D)   The nature of the proceeding, with due consideration for a person's liberty or parental interests."

ORS 45.400(3)(c).

        The state argued that requiring Meehan to testify in person would result in undue hardship to her and to Unity Hospital because she would have to drive three hours roundtrip to attend the hearing and she would be unable to see the patients on her schedule for that day. The state also argued that because Meehan would appear on video, the court would be able to assess her demeanor and credibility.

        Appellant objected, arguing that Meehan's testimony would be critical to the outcome; the nature of the proceeding involved appellant's significant liberty interests; three hours of travel time is not an undue hardship; and any burden on the hospital or Meehan's other patients was not an appropriate factor for the court to consider.

        The court granted the state's motion. It concluded that the three-hour travel time would cause significant changes to Meehan's clinical schedule and cause problems for her other patients, and that the hardship factor can be read broadly "as to impacts associated with having that person appear." Appellant asked for clarification, namely whether the court, in taking into account the hardship to the doctor's patients and to the hospital, was taking into consideration "[b]asically, third parties other than the [witness herself]." The court responded that "I think those are burdens on the witness or the party. But yes, those are the kinds of things that I'm also taking into consideration."

        The court also found that there would not be a "significant impact on [its] ability to evaluate credibility and demeanor of a witness, particularly a witness of this type, when we've got a video appearance." The court acknowledged that Meehan's testimony might be critical to the outcome but concluded that appellant had not demonstrated that face-to-face cross-examination is necessary. The court acknowledged that appellant's personal liberty was at stake, but it concluded that on balance the factors weighed in favor of allowing Meehan to testify remotely.

On appeal, appellant argues, as he did below, that the trial court abused its discretion in granting the state's motion to allow Meehan to testify remotely. More particularly, he argues that the court impermissibly considered impacts to other patients and the hospital in considering the hardship factor, when they were not a "party or witness" under ORS 45.400(3)(b)(C); and that the trial court misinterpreted ORS 45.400(3)(c)(B) when it stated that, if witnesses may be critical to the outcome, "there is still a need to show that face-to-face cross-exam is necessary." In appellant's view, "the more determinative the witness's testimony is, the more inherently necessary it is that they're here in person," and thus face-to-face cross-examination was necessary because Meehan's testimony would be outcome-determinative.

We disagree that the court abused its discretion. As a threshold matter, the state maintains that ORS 45.400 does not apply to civil commitment proceedings. We assume, without deciding, that it does. The motion, arguments, and ruling below were based on ORS 45.400 and as the state itself acknowledges, we "need not resolve whether ORS 45.400 applies to civil commitment proceedings because * * * the trial court did not err in applying" that statute as it did.

We agree. As to its finding of good cause, the court noted that the impacts on Meehan, her patients, and Unity Hospital were "significant" and that the impacts on the patients and hospital affect Meehan such that they can be characterized as impacts on Meehan herself. Those factors are proper for the court to consider under ORS 45.400(3)(b)(C) (undue hardship on the witness) and ORS 45.400(3)(b)(E) ("Any other circumstances that constitute good cause.").

As to prejudice to the nonmoving party, the court concluded that appellant had not demonstrated that face-to-face cross-examination was necessary under ORS 45.400 (3)(c)(B), noting that, although Meehan's testimony would be determinative of the outcome, she would appear by video, which would allow the court to visually assess her demeanor and credibility. That conclusion is consistent with the current version of ORS 45.400, which was amended in 2017 to remove mandatory language that prohibited a court from allowing remote location testimony under certain

circumstances, including "'in any case' in which the issues to which a witness will testify are outcome-determinative." *Dept. of Human Services v. K. A. H.*, 278 Or App 284, 291, 381 P3d 1052, *rev dismissed*, 360 Or 637 (2016); Or Laws 2017, ch 240, § 1. Under the current version of the statute, then, the court's decision whether to allow remote location testimony remains a matter of discretion, even when a witness's testimony may be outcome-determinative. In this case, the court properly weighed the considerations in favor of allowing Meehan to testify remotely, including that she would appear by video and the type of testimony that she would provide, against the countervailing considerations, and it arrived at a legally permissible result.

In sum, the trial court did not abuse its discretion when it concluded that good cause outweighed any prejudice to appellant in allowing an expert witness to testify by video at appellant's commitment hearing.

*Sufficiency of evidence that appellant is dangerous to others:* In appellant's second assignment of error, he argues that there was insufficient evidence for the court to find that due to a mental disorder appellant was a danger to others. ORS 426.130; ORS 426.005(1)(f)(A).

"Whether the evidence of danger is legally sufficient to support a determination that appellant is 'dangerous' for purposes of ORS 426.005(1) is a determination that we review as a matter of law." *State v. S. R. J.*, 281 Or App 741, 748-49, 386 P3d 99 (2016). Having reviewed the record in the light most favorable to the trial court's determination, *id.* at 743, we conclude that the evidence is legally sufficient to support the determination that appellant was a danger to others. Most importantly, in the week prior to the hearing, appellant assaulted his mother, causing a black eye, concussion, and rib contusions, after claiming that she was not his mother and that she was a Nazi. At the time of the hearing, appellant continued to suffer from those same delusions and was refusing to take prescribed medications. Thus, because appellant's mental disorder caused delusions that precipitated the assault on his mother and those delusions persisted at the time of the hearing, "a rational factfinder could have found that it was highly probable that appellant was a

danger to others because of a mental disorder." *State v. J. D.*, 315 Or App 316, 321, 499 P3d 113 (2021), *rev den*, 369 Or 675 (2022).

Affirmed.